IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 18-02745-ESL |
| MELITZA MARTINEZ GARRIGA | CHAPTER 13 |
| DEBTOR | |

### NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
### AND CERTIFICATE OF SERVICE

**TO THE HONORABLE COURT:**

**NOW COMES, MELITZA MARTINEZ GARRIGA**, debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays:

1. The debtor is hereby submitting a proposed amended Plan, dated August 7, 2018, herewith and attached to this motion.

2. This proposed amended Plan is filed to amend sections 1.3, 3.1, 4.4, 5.1 and Part 8 (8.1, 8.2 and 8.3).

**WHEREFORE** debtor respectfully requests the confirmation of the requested amended Plan, dated August 7, 2018.

**I CERTIFY** that on this same date a copy of this notice was sent via electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the Chapter 13 Trustee; and also certify that I have mailed by United States Postal Service copy of this motion to the following non CM/ECF participants: debtor in the above captioned case, and to all creditors and parties in interest appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 7th day of August, 2018.

*/s/ Roberto A. Figueroa Colón*
ROBERTO A. FIGUEROA COLON
USDC #300105
FIGUEROA & SERRANO, PSC
PO BOX 1635
GUAYNABO PR 00970-1635
TEL. NO. 787-470-7699
EMAIL: rfigueroa@fslawpr.com

# UNITED STATES BANKRUPTCY COURT
## District of Puerto Rico, San Juan Division

| | |
|---|---|
| In Re<br>**MARTINEZ GARRIGA, MELITZA** | Case No: **3:18-bk-2745**<br><br>Chapter 13 |
| XXX-XX-**4289** | [X] Check if this is a pre-confirmation amended plan. |
| XXX-XX- | [ ] Check if this is a post confirmation amended plan<br>Proposed by:<br>    [ ] Debtor(s)<br>    [ ] Trustee<br>    [ ] Unsecured creditor(s) |
| **Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** <u>08/07/2018</u> | [X] If this is an amended plan, list below the sections of the plan that have been changed.<br><br>Sections 1.3, 3.1, 4.4, 5.1 and Part 8 (8.1, 8.2, 8.3) |

## PART 1 Notices

**To Debtors:**     This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 250.00 | 11 | 2,750.00 | |
| 6,250.00 | 1 | 6,250.00 | |
| 250.00 | 11 | 2,750.00 | |
| 6,250.00 | 1 | 6,250.00 | |
| 250.00 | 11 | 2,750.00 | |
| 6,250.00 | 1 | 6,250.00 | |
| 250.00 | 11 | 2,750.00 | |
| 6,250.00 | 1 | 6,250.00 | |
| 250.00 | 11 | 2,750.00 | |
| 6,250.00 | 1 | 6,250.00 | |
| Subtotals | 60 | 45,000.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[X] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Annual commission income: $6,000.00 payment to be paid on May/2019, May/2020, May/2021, May/2022 and May/2023**

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only

payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular de Puerto Ric** | **URB BORINQUEN VALLEY 498 CALLE DECIMA, CAGUAS, PR 00725** | **315.00** | **12,635.99** | _____ | _____ | **12,635.99** |
| | Disbursed by: [ ] Trustee [X] Debtor(s) | | | | | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

**[X]  None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   **[ ]**  Payments pursuant to 11 USC §1326(a)(1)(C):

*Name of secured creditor*          *$ Amount of APMP*                    *Comments*
**None**

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

**[X]  Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan

*Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan  Page 3*

confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **240.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **2,760.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **0.00** |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**12,058.73**

| **Name of priority creditor** | **Estimate amount of claim to be paid** |
|---|---|
| **Department of Treasury (POC 5)** | **12,058.73** |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ **12,656.59**.

[X] **100.00**% of the total amount of these claims, an estimated payment of $ **12,656.59**.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____ .

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 4*

*Check one.*
**[X] None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

**[X]** Plan confirmation.
**[ ]** Entry of discharge.
**[ ]** Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1 Check "None" or list the nonstandard plan provisions**

**[ ] None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
**The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC §1325(a)(5)(i)(I) & (II).**

**8.3 This section supplements LBF-G, Part 2, Section 2.4: Annual Commission Income to be Used to Fund the Plan:**
**Any excess over $6,000.00 from debtor's annual commission will be devoted each year to the plan's funding until completion. The plan shall be deemed modified by such amount, without the need of further Court order. The debtor shall seek court's authorization prior any use of funds.**

*Insert additional lines as needed.*

## PART 9: Signature(s)

*/s/ Roberto A. Figueroa-Colon*  Date **August 07, 2018**

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 5*

**Signature of attorney of Debtor(s)**

**Date** _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 18-02745-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Sat Jul  7 11:07:34 AST 2018 | BANCO POPULAR DE PUERTO RICO<br>COLON SANTANA & ASOCIADOS CSP<br>315 COLL & TOSTE<br>SAN JUAN, PR 00918-4026 | RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | AT&T Services<br>PO Box 192830<br>San Juan, PR 00919-2830, PR  00919-2830 |
| BANCO POPULAR DE PR, BANKRUPTCY DEPARTMENT<br>PO Box 362708, San Juan PR 00936-2708<br>(787) 723-0077 | BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 | Badeco<br>PO Box 1717<br>Caguas, PR  00726-1717 |
| Banco Popular de Puerto Ric<br>Mortgage Servicing Department<br>PO Box 362708<br>San Juan, PR  00936-2708 | Claro<br>PO Box 360998<br>San Juan, PR  00936-0998 | Comenity Bank/Victorias Secret<br>PO Box 182789<br>Columbus, OH  43218-2789 |
| Department of Treasury<br>PO Box 9024140<br>San Juan, PR  00902-4140 | Dsnb Macys<br>PO Box 8218<br>Mason, OH  45040-8218 | Firstbank Puerto Rico<br>PO Box 9146<br>San Juan, PR  00908-0146 |
| Hillcrest Davidson & A<br>715 N Glenville Dr Ste 4<br>Richardson, TX  75081-2879 | Islandfin<br>PO Box 71504<br>San Juan, PR  00936-8604 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 | Operating Partners CO,LLC<br>Midland Funding, LLC<br>PO Box 194499<br>San Juan, PR  00919-4499 | Osvaldo L. Rodriguez Fernandez, Esq<br>PO Box 71418<br>San Juan, PR  00936-8518 |
| Pr Telephone<br>PO Box 70239<br>San Juan, PR  00936-8239 | Syncb/Amer Eagle<br>Po Box 965005<br>Orlando, FL  32896-5005 | Syncb/JC Penny<br>PO Box 103104<br>Roswell, GA  30076-9104 |
| ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | MELITZA MARTINEZ GARRIGA<br>PO BOX 9478<br>CAGUAS, PR 00726-9478 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 |
| ROBERTO ARISTIDES FIGUEROA COLON<br>FIGUEROA & SERRANO PSC<br>PO BOX 1635<br>GUAYNABO, PR 00970-1635 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Military Star<br>3911 S Walton Walker Blvd<br>Dallas, TX 75236-1509 | (d)RELIABLE FINANCIAL SERVICES, INC.<br>P.O. BOX 21382<br>SAN JUAN, PR 00928-1382 | End of Label Matrix<br>Mailable recipients 27<br>Bypassed recipients 0<br>Total 27 |